**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

August 19, 2019

Brian C. Ralston, Esquire
Mathew A. Golden, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801

Paul D. Brown, Esquire
Joseph B. Cicero, Esquire
Chipman Brown Cicero & Cole, LLP
1313 N. Market Street, Suite 5400
Wilmington, DE 19801

Re:  *NASDI Holdings, LLC v. North American Leasing, Inc.*,
C.A. No. 10540-VCM

Dear Counsel:

This letter addresses the parties' respective exceptions to the Special Master

Reports of Henry A. Silva.

In April 2014, the plaintiffs sold two operational construction and demolition

businesses to the defendants. When the transaction closed, the businesses were

actively engaged in work on numerous projects and had billed their customers for

some but not all of the work performed. To compensate the plaintiffs for work that

had been performed prior to the sale, the defendants agreed to collect and remit to

the plaintiffs payments received as a result of pre-closing work. That agreement

covered accounts receivable that had already been billed as well as unbilled work in

progress. In January 2015, the plaintiffs commenced this litigation claiming that the

defendants breached their post-closing payment obligations.

The purchase agreement named an accounting firm to resolve accounting disputes arising out of post-closing activity. On January 29, 2016, this Court appointed an accountant from that firm, Mr. Silva, to act as a Special Master to make reports and recommendations on issues relating to the accounts receivable and work in progress, including the issue of whether the post-closing work in progress report complied with Generally Accepted Accounting Principles ("GAAP").

On October 4, 2018, the Special Master filed two reports. The first, the Special Master's Report on Closing Work-in-Process (the "WIP Report"), found that the closing work in progress report complied with GAAP. The second, the Special Master's Report on Closing Accounts Receivable (the "A/R Report"), recommended that the Court award specific amounts of accounts receivable to the plaintiffs. Both sides took exceptions to the Special Master's reports.

In their exceptions, the defendants argued that the WIP Report and record fail to provide sufficient analytical detail to enable the Court to conduct *de novo* review, necessitating an evidentiary hearing.[1]

Under Court of Chancery Rule 144(a), a master's final report must "include factual and legal determinations sufficient to support the Master's decision and to

---

[1] *See also* C.A. No. 10540-VCM Docket ("Dkt.") 194, Oral Arg. re Exceptions to Master's Report ("Oral Arg. Tr.") at 54:12–55:2.

permit *de novo* review by the Court."[2]   A "master's rulings, findings of fact, conclusions of law, and recommended disposition have no effect until they are adopted by a judge after a 'meaningful review.'"[3]

Section 6 of the Court's Order Appointing Special Master empowered the Special Master to build the factual and legal determinations sufficient to support his decision, providing that:

> The Special Master shall have the power to control the proceedings before him.  To the extent possible, the Special Master shall follow the procedures set forth in [the relevant provision of the purchase agreement].  The Special Master's authority includes the power to alter the time periods contemplated by the Agreement, to require different or additional submissions, and to determine what discovery is appropriate in connection with the proceedings.[4]

Despite the Special Master having the powers needed to build a record, aspects of the WIP Report failed to include factual support.  The WIP Report assessed whether there were any "changes to the contract value and cost for each job after the closing date that would have negatively impacted the percentage of

---

[2] Ct. Ch. R. 144(a).

[3] *DiGiacobbe v. Sestak*, 743 A.2d 180, 183 (Del. 1999) (quoting *Redden v. McGill*, 549 A.2d 695, 698 (Del. 1988)).

[4] Dkt. 89, Order Appointing Special Master § 6.

completion at the closing date."[5]  And the WIP Report concluded that the changes in contract value and cost "appeared to be reasonable with respect to expectations given the nature of the industry."[6]  But the Report provides scant factual or legal support for this conclusion.  The appendices too are summary in nature, and the Special Master did not conduct an evidentiary hearing.

Where the Court lacks information sufficient to conduct a *de novo* review of a special master's report, ordering an evidentiary hearing or other development of the record is appropriate.[7]  In this case, an evidentiary hearing would aid the Court's *de novo* review of the WIP Report.  Accordingly, the parties shall confer to select a date for an evidentiary hearing, at which the Special Master will be called upon for examination by the parties.  The evidentiary hearing will focus on the factual bases for the Special Master's report; it will not involve expert testimony from each side.

In advance of the hearing, the parties shall confer with each other and the Special Master to discuss whether it would be desirable to depose the Special Master or develop the factual record in other ways.  The Special Master may elect at his

---

[5]  Dkt. 142, Special Master Henry A. Silva's Special Master's Report on Closing Work-In-Process (Oct. 4, 2018) at 2.

[6]  *Id.*

[7]  *See generally DiGiacobbe*, 743 A.2d at 184 ("*De novo* review generally means a new trial or hearing on questions of fact.").

discretion to supplement the bases for his conclusion and may invoke his powers under Section 6 of the Order Appointing Special Master to develop those bases. The parties shall confer on an appropriate schedule and procedure. As part of this procedure, the Court requests supplemental submissions concerning the changes to the contract value and cost for each job evaluated by the Special Master and the relevant standards applied or considered by the Special Master when making his assessment of reasonableness.

Although the parties agree that an evidentiary hearing is not necessary to resolve exceptions to the A/R Report,[8] the Court requests supplemental information concerning the parties' exceptions. Specifically, during oral argument, counsel for the defendants state that they had "mapped out every piece of evidence showing the account receivable that was listed, each check, and each piece of evidence showing that the money was collected, either into an account or by check," but the record is not as clear as it could be. The defendants' counsel offered to provide a chart. A chart, or some other form of clarity, would be useful. The supplemental submission should specifically identify the relevant accounts receivable and corresponding remittances. If a receivable was not collected, identify any collection efforts.

---

[8] *See* Oral Arg. Tr. at 51:15–20.

The plaintiffs moved to strike portions of the defendants' reply brief in support of the defendants' exceptions. In the alternative, the plaintiffs sought leave to file a sur-reply. The plaintiffs are granted leave to make sur-reply arguments in their supplemental submission.

Very truly yours,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Vice Chancellor

KSJM/lef

cc:     All counsel of record (*via File & ServeXpress*)